UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RONALD H. PATRON, JR. | ) CHAPTER 7 |
| BOBBIE J. PATRON | ) |
| | ) |
| | ) CASE NO.: 19-12117 |
| Debtor(s) | ) |
| | ) |

## MOTION FOR RELIEF FROM STAY

**NOW INTO COURT**, through undersigned counsel, comes **TD Auto Finance, LLC** ("TDAF"), a secured creditor of the Debtor(s), Ronald H. Patron, Jr. and Bobbie J. Patron, which respectfully represents that:

1. TDAF holds a secured interest in **2016 Ram 1500, VIN # 1C6RR6GT8GS147351.** TDAF attaches hereto and incorporates herein as Exhibit "A" all security documents affecting its collateral.

2. The Debtor(s) has not redeemed the property and has not reaffirmed the debt.

3. The Debtor(s) is contractually due for the April 25, 2019 and subsequent payments.

4. The Debtor(s) is currently in default in the approximate amount of **$1,917.08** excluding late fees, attorney fees, and other miscellaneous fees.

5. The NADA wholesale value of the vehicle is $20,250.00, a copy of which is attached and incorporated herein as Exhibit "A". The payoff balance due and owing TDAF is **$22,812.61**.

6. The value of TDAF's collateral, the property described above, is depreciating daily as a result of the deteriorating condition of the above described property, and the Debtor(s) are providing no protection of TDAF's interest in the described property.

7. TDAF is stayed from enforcing its secured claim and repossessing the above described property as a result of the automatic stay.

8. If the stay is not lifted and TDAF is not permitted to foreclose under its secured interest as hereinabove set forth, it will suffer irreparable injury, loss and damage.

9. Pursuant to 11 U.S.C. §362 (d)(1) and § 362(d)(2), sufficient cause exists for the terminating of the automatic stay as to TDAF, its collateral and the proceeds thereof.

10. Further, TDAF shows that if the stay is lifted Debtor(s) should be ordered to take all action necessary to return the secured collateral to TDAF.

11. Should TDAF exercise its rights to repossess and sell or otherwise liquidate the subject vehicle pursuant to this Order or any subsequent Order for Relief from Stay, TDAF shall have the right to file an amended Proof of Claim (within 90 days of) after the sale of the vehicle for any deficiency balance remaining and such balance is to be paid and treated as an unsecured claim under the liquidating case. TDAF maintains this right in the event that this case should convert to a subsequent chapter.

12. TDAF requests that this Court enter an Order directing the Trustee and/or the Debtor(s) to deliver immediate possession of the vehicle to TDAF or its designee, and TDAF further requests that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

**WHEREFORE, TD AUTO FINANCE, LLC** prays that it be granted relief from the automatic stay instituted in the above captioned matter with respect to its secured interest in the property described above; that it be authorized to take such proceedings as in its discretion it deems adequate to protect its interest in the property; TDAF further prays that Debtor(s) be ordered to take all action necessary and appropriate to return the secured collateral to TDAF and at TDAF's option, to transfer title of the secured collateral to TDAF by executing a Dation en Paiement, that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived, that TDAF's right to a deficiency claim be preserved as set forth above and for all just and equitable relief.

Respectfully submitted,

**RICHARD A. ROZANSKI, APLC**

By: /s/ Richard A. Rozanski
Richard A. Rozanski 22583
P.O. Box 13199
Alexandria, LA 71315-3199
(318)445-5600

*ATTORNEYS FOR* **TD Auto Finance, LLC**
**Of Counsel:**
**EVANS PETREE PC**
**1715 Aaron Brenner Drive, Suite 800**
**Memphis, TN 38120**
**(615)567-8161**